UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CYNTHIA M. HERNDON, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No: 3:15 CV 169 |
| SBHA, *et al.*, | ) ) ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss for want of prosecution. (DE # 79.) Plaintiff has not responded to the motion, and her time to do so has now expired. (*See* N.D. Ind. L.R.7-1(d)(2).)

Defendants argue that plaintiff's case should be dismissed pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) because plaintiff failed to prosecute her case and failed to comply with a court order. Defendants specifically reference plaintiff's failure to comply with Magistrate Judge John E. Martin's September 1, 2017, show-cause order. However, this instance was not the first time plaintiff failed to comply with a court order in this case, nor was it the first time plaintiff was warned of the repercussions of failing to comply with a court order.

On July 17, 2017, Magistrate Judge Martin ordered the parties to file a joint discovery plan by August 25, 2017, and ordered the parties to attend a preliminary pretrial conference on August 31, 2017. (DE # 63.) This order explicitly warned the parties that "[f]ailure to timely file the report and proposed discovery plan may result

in the imposition of sanctions in accordance with Rule 16(f)." (DE # 63 at 2.) However, plaintiff did not participate in the Rule 26(f) planning meeting as ordered by Magistrate Judge Martin (*see* DE # 68), and did not appear for the August 31, 2017, pretrial conference. (DE # 73.) Magistrate Judge Martin attempted to call plaintiff at the phone number listed on the docket, but the number was disconnected. (*Id.*) The court then attempted to reach plaintiff at an alternative number provided by defense counsel, but could only leave a voice mail message. (*Id.*) Plaintiff never returned the court's phone call. (*Id.*)

Magistrate Judge Martin then issued an order to show cause, ordering plaintiff to appear in-person on September 20, 2017, and show cause why she should not be held in contempt of court and sanctioned for her failure to appear for the August 31, 2017, pretrial conference. (DE # 74.) Magistrate Judge Martin explicitly warned plaintiff that her failure to comply with the order might result in dismissal of her case. (*Id.*) Yet, plaintiff failed to attend the show-cause hearing, and failed to provide any subsequent explanation for her truancy. (DE # 77.) Magistrate Judge Martin again attempted to call plaintiff at the phone number listed on the docket, as well as two additional phone numbers provided by defense counsel, to no avail. (*Id.*)

Plaintiff's failure to participate in her case is unacceptable. As a litigant, plaintiff was obliged to both comply with court orders and maintain up-to-date contact information. *See McInnis v. Duncan*, 697 F.3d 661, 664-665 (7th Cir. 2012) (affirming dismissal of *pro se* plaintiff's case where plaintiff failed to attend two hearings and was

explicitly warned that his failure to appear at second hearing could result in dismissal of his case); *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) ("[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit"(internal quotation marks and citation omitted)). Plaintiff has not identified any reason why she failed to attend the show-cause hearing. In fact, plaintiff has remained engaged in other parts of her case, such as her failed attempts to secure interlocutory relief from the Seventh Circuit Court of Appeals. (*See* DE ## 67, 69, 70, 78, 80.) Thus, dismissal of this case is warranted.

For these reasons, pursuant to Federal Rules of Civil Procedure 16(f) and 41(b), the court **GRANTS** defendants' motion (DE # 79) and **DISMISSES** this case. The court **DIRECTS** the Clerk to terminate all other pending motions in this case.

**SO ORDERED.**

Date: November 16, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT